IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TOME,** | § | |
| | § | |
| **v.** | § | **A-06-CA-482 LY** |
| | § | |
| **COUNTRYWIDE HOME LOANS, INC.** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Motion for Court-Ordered Dismissal (Clerk's Doc. No. 25) and Defendant's Response (Clerk's Doc. No. 27). The Court held a hearing on this matter on June 19, 2007, and as announced in open court, issues the following Report and Recommendation.

**Background & Analysis**

This underlying lawsuit in this case involves Plaintiff's request for a temporary injunction in order to avoid the foreclosure of his home. That action was filed a little over a year ago, on June 6, 2006. Plaintiff now requests the Court to dismiss his lawsuit without prejudice. Defendant contends that Plaintiff's request for dismissal does not meet the requirements of Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) provides in relevant part that:

> an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(2). As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party. *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir.2002). Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice, "when a plaintiff

fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal. *U.S. ex rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003)

The Fifth Circuit in *Davis v. Huskipower Equipment Corp.*, 936 F.2d 193 (5th Cir. 1991), concluded that when a plaintiff moved to dismiss under Rule 41(a)(2) more than a year after the case was removed, after months of filing pleadings, attending conferences, and submitting memoranda and after a magistrate judge recommended a ruling adverse to their position, it was not an abuse of discretion to deny voluntary dismissal. In *Doe*, the plaintiff filed his motion to dismiss nine months after filing suit. *Id.* at 330. Both sides had filed responsive pleadings in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing. *Id*. The parties had attended several conferences for purposes of scheduling discovery. *Id*. And although no judge had ruled against plaintiff, the United States declined to intervene in the suit, a move which could have been interpreted by plaintiff as substantially weakening his case. Further, plaintiff's counsel had been sanctioned by the district court for failure to participate in the discovery process. The circuit court held that it was therefore not an abuse of discretion for the district court to deny plaintiff's motion to dismiss without prejudice under Rule 41(a)(2). *Id*.

Here, Defendant has answered the lawsuit filed in state court over a year ago, removed it to the Western District, filed an Alternative Dispute Resolution report, and conducted some limited discovery. There have been no dispositive motions filed. Defendant has not expended nearly as much time and expenses on this lawsuit as in the cases delineated above. Moreover, at the hearing, Plaintiff agreed to a number of conditions that make dismissal without prejudice the equitable result.

Plaintiff agreed that any discovery conducted thus far in this lawsuit by Defendant – apparently two depositions – can be used in any future proceedings that relate to the underlying dispute (the foreclosure of Plaintiff's home).  He further agreed to comply with the discovery deadlines in the present case – deadlines that have already passed – in effect agreeing to limit himself to conducting no more discovery in any future related suit.  Finally, Plaintiff agreed that, given that the statute of limitations on his Real Estate Settlement Practices Act (RESPA) claim is set to expire in November 2007, he will not re-file a RESPA claim in state or federal court before that statute of limitations expires.

### III. RECOMMENDATIONS

Based on Plaintiff's concessions, the Magistrate Court **RECOMMENDS** that the District Court **GRANT**  Plaintiff's Motion for Court-Ordered Dismissal (Clerk's Doc. No. 25), with the following conditions:

1. Should Plaintiff file any future suit against Defendant (or any related entity) related to the foreclosure of his home, or the mortgage thereon, the discovery taken in this case may be used against him in any future suit, and Plaintiff is not entitled to conduct any discovery in that suit, notwithstanding any orders or deadlines that may be set in any such future case;

2. Should Plaintiff file any future suit as described in item 1 prior to November 2007, Plaintiff shall not file any RESPA claim in such suit.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE